UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TRAVIS CUNNINGHAM, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CAUSE NO. 3:16-CV-394 WL |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

Travis Cunningham, a pro se prisoner, filed a habeas corpus petition (DE 1) attempting to challenge the prison disciplinary hearing (WCC 16-05-508) where a Westville Correctional Facility Disciplinary Hearing Officer (DHO) found him guilty of Possessing an Unknown Substance in violation of B-202 on June 2, 2016. As a result, he lost 60 days earned credit time and was demoted to Credit Class 2. In his petition, Cunningham states that he did not appeal to the Final Reviewing Authority. DE 1 at 1.

Before bringing a habeas corpus challenge, a prisoner must exhaust his claims as required by 28 U.S.C. § 2254(b).

> Indiana does not provide judicial review of decisions by prison administrative bodies, so the exhaustion requirement in 28 U.S.C. § 2254(b) is satisfied by pursuing all administrative remedies. These are, we held in *Markham v. Clark*, 978 F.2d 993 (7th Cir. 1992), the sort of "available State corrective process" (§ 2254(b)(1)(B)(i)) that a prisoner must use. Indiana offers two levels of administrative review: a prisoner aggrieved by the decision of a disciplinary panel may appeal first to the warden and then to a statewide body called the Final Reviewing Authority. Moffat sought review by both bodies, but his argument was limited to the contention that the evidence did not support the board's decision. He did not complain to either the warden or the Final Reviewing Authority about the board's sketchy explanation for its decision. *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999), holds that to exhaust a claim, and thus preserve it for collateral review under § 2254, a prisoner must present that legal theory to the state's supreme court. The Final Reviewing Authority is the

administrative equivalent to the state's highest court, so the holding of Boerckel implies that when administrative remedies must be exhausted, a legal contention must be presented to each administrative level.

*Moffat v. Broyles*, 288 F.3d 978, 981-82 (7th Cir. 2002).

Because Cunningham has not exhausted his claims by presenting them to the Final Reviewing Authority, the habeas corpus petition is **DENIED WITHOUT PREJUDICE** because it is unexhausted.

SO ORDERED.

ENTERED: July 13, 2016

                                              s/William C. Lee
                                              William C. Lee, Judge
                                              United States District Court